**WEN–CAO WU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1656–ag.

United States Court of Appeals, Second Circuit.

Jan. 6, 2009.

Michael X. Tang, Flushing, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director, Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Wen–Cao Wu, a native and citizen of the People's Republic of China, seeks review of the March 18, 2008 order of the BIA denying his motion to reopen. *In Wen–Cao Wu,* No. A72 484 142 (B.I.A. Mar. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). An alien seeking to reopen proceedings must file a motion to reopen within 90 days of the issuance of a final administrative order of removal. *See* 8 C.F.R. § 1003.2(c)(2). However, an applicant may be excused from compliance with the 90–day time limit if he submits evidence establishing changed country conditions arising in the country of nationality. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

■ Here, it is undisputed that Wu's motion to reopen was untimely where it was not filed until September 2007, more than ten years after the BIA issued its final order of removal in August 1997. Wu does not challenge the BIA's determination that the birth of his U.S.-born children constituted a change in personal circumstances, rather than a change in country conditions and has therefore waived any such challenge. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). Rather, Wu contends that the reopening of his proceedings was warranted based on new, previously unavailable evidence that established changed country conditions. He argues that the BIA erred by: 1) failing to recognize that his evidence was new and previously unavailable, and 2) failing to recognize that a change in China's family-planning policy constituted a material change in country conditions. However, neither of Wu's arguments addresses the actual basis for the

BIA's decision—its finding that his affidavit, which was the only evidence of changed country conditions that Wu submitted, was vague and uncorroborated and thus insufficient to establish that the family-planning policy in Wu's hometown had actually changed.

Wu raises no challenge to the BIA's finding that his evidence was insufficient to meet his heavy burden of demonstrating changed country conditions warranting reopening of his proceedings. *See INS v. Abudu,* 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that an alien bears a "heavy burden" of proof in establishing that reopening of his removal proceedings is warranted). Thus, Wu has waived any argument he might have had that the BIA abused its discretion in concluding that his affidavit did not demonstrate changed country conditions in China or establish Wu's *prima facie* eligibility for relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.